569 P.2d 1374

**Robert Dell ERICKSON, Appellant,**

**v.**

**Richard WALLER, Appellee.**

**No. 1 CA–CIV 3370.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 16, 1977.

Rehearing Denied Sept. 21, 1977.

Review Denied Oct. 12, 1977.

Burch, Cracchiolo, Levie, Guyer & Weyl by K. C. Weyl, Duane A. Olson, Phoenix, for appellant.

Law Offices of Charles Christakis by Charles Christakis, Joe V. Andersen, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

This is an appeal from a jury verdict in favor of the plaintiff in a medical malpractice action. The main contention on appeal is that the defense was entitled to a directed verdict because there was no evidence from which the jury properly could find that the defendant had breached the standard of care owed by a general practitioner. We hold there was sufficient evidence.

The case arises out of an injury sustained by plaintiff, Richard Waller, while he was operating a high pressure paint spraygun. The hose of the spraygun broke and he was struck by the paint spray between the ring and little finger of his hand. Plaintiff washed his hand and proceeded to Chandler Community Hospital where he was first seen by the defendant, Dr. Erickson, who cleaned the wound, gave the patient a prescription and a shot, and sent him home with instructions to see him the next day. Plaintiff returned the next day to see the defendant; he felt no pain and his hand was swollen slightly more than it had been the day before. The defendant removed some paint from the laceration, gave an injection of penicillin, and told his patient to return the following day.

The following morning, two days after the accident, plaintiff awoke with pain in his hand and saw red streaks on his arm; he went to see defendant and defendant called in a specialist in hand surgery. The specialist treated him the same day, but gas gangrene subsequently developed. Several surgeries followed, resulting in a disfigurement and partial loss of use of the hand. Plaintiff then filed this suit alleging that the ultimate condition of his hand resulted from the defendant's negligent failure to refer him to a specialist in a timely manner.

The medical testimony at trial regarding the standard of care for paint gun injuries came from two experts: Dr. H. Kern Wisner, the specialist who eventually treated plaintiff, and Dr. Adolph J. Urban, a surgeon whose deposition was partially read to the jury. Defendant attacks Dr. Urban's deposition testimony on two grounds: first, he contends that the entire deposition should have been rejected for lack of sufficient foundation showing that the witness was unavailable under Rule 32(a)(3)(B), Arizona Rules of Civil Procedure; second, he contends that Dr. Urban's testimony in the deposition relating to standard of care was in response to a hypothetical question which was not based upon the facts in evidence.

With respect to the admissibility of a deposition in general, Rule 32(a)(3) provides:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 50 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

The affidavit of attempted service on Dr. Urban in this case shows that the process server made three unsuccessful attempts to serve Dr. Urban at his home; on the the third attempt, an adult was found at the home who stated that Dr. Urban was out of state and would not be back and who abruptly closed the door.

We are aware of only one Arizona case which extensively discusses the record made for admission of a deposition of an allegedly unavailable witness, *Edwards v. Van Voorhis*, 11 Ariz.App. 216, 463 P.2d 111 (1970). In that case a stronger showing of unavailability was made than was made here. The record included a telegram from Mexico in which the deponent's wife stated that her husband was ill and could not respond to the subpoena, and the issuance of a body attachment by the trial court, which the sheriff was unable to serve. This Court found that admissibility under the rule was within the trial judge's discretion, and there was no abuse under the circumstances.

■ We do not read *Edwards, supra*, as establishing a minimum standard for admission of a deposition under Rule 32. In reviewing the federal cases decided under the identical federal rule of civil procedure, we note that the foundation required is largely within the discretion of the trial judge, and may be based on hearsay evidence. In *United States v. Bowen*, 411 F.2d 923 (5th Cir. 1969), it was sufficient that the marshal had made diligent efforts to serve the witness but was unable to find him; in *Frederick v. Yellow Cab Co. of Philadelphia*, 200 F.2d 483 (3rd Cir. 1952), the trial judge's discretion was upheld in admitting a deposition when trial counsel stated that he called the witness, who said business would keep him out of town on the trial day. We hold that there was no abuse of the trial court's discretion in admitting the deposition in this case. There was a showing of diligent but unsuccessful efforts to serve an unavailable expert witness.

Appellant's next attack on Dr. Urban's testimony focuses upon the following exchange contained in the deposition and read into evidence:

"MR. CHRISTAKIS: Q Doctor, do you have an opinion as to whether Dr. Erickson fell below the standard of care in his treatment of Mr. Waller?

"A I do, because he is just a general practitioner. This is a hand injury. And I think that he should have sent him to a specialist immediately—given him first-aid treatment and sent him to a specialist."

Appellant attacks the foregoing as an opinion in response to a hypothetical question based upon facts not in evidence, pointing out that in earlier testimony Dr. Urban indicated he believed that the plaintiff was not referred to a specialist until a week or ten days after the initial visit, while the evidence showed that there was a referral within two and one-half days.

■ A hypothetical question propounded to an expert witness based upon facts not in evidence is improper. *American Honda Motor Company, Inc. v. Smith*, 110 Ariz. 593, 521 P.2d 1139 (1974).[1] This question and answer, however, did not violate the rule. Dr. Urban's answer expressed his opinion that referral should have been immediate, and the jury could properly have concluded that two and one-half days was too long a delay. Moreover, in a subsequent part of Dr. Urban's deposition, not read to the jury but reviewed by the trial court as an offer of proof, he made it clear that in his opinion a two day delay was not proper. The trial judge should prevent the abuse of the hypothetical question to mislead the jury. *Decker v. Ramenofsky*, 91 Ariz. 97, 370 P.2d 258 (1962). Here the trial court had the entire deposition before him, and in allowing the jury to hear testimony which accurately reflected the professional opinion of Dr. Urban, he did not abuse his discretion.

Additional expert testimony on the standard of care in paint gun injuries was

1. We note that the new Arizona Rules of Evidence, effective September 1, 1977, will work a substantial change in the nature of expert testimony and hypothetical questions. Arizona Rules of Evidence, Art. VII, Rules 701 to 706.

presented by Dr. Wisner, the expert to whom plaintiff was referred. While it is true that on questioning by defense counsel, Dr. Wisner stated that the care given by defendant was within the standard of care for general practitioners in that locale, other testimony by Dr. Wisner could have led the jury to a different conclusion. He stated that the standard of care in this sort of injury is basically the same for a specialist and for a general practitioner. He stated that in his treatment of such an injury he would attempt to locate pain in the hand by x-rays or visual examination and then remove the foreign material. When asked whether he would ever leave paint in a patient's body, he said he might if there were a small injury with a paint gun of low intensity and a nontoxic material; the facts here show a high intensity paint gun and a toxic paint.

■ The combined testimony of Drs. Urban and Wisner provides a satisfactory basis for the jury to have concluded that the defendant breached the standard of care owed to plaintiff in this case by delaying before referring plaintiff to a specialist. This meets the plaintiff's threshold burden of proof in a medical malpractice case. *Evans v. Bernhard*, 23 Ariz.App. 413, 533 P.2d 721 (1975).

■ The only other assertion of error made by appellant concerns the trial court's denial of a motion for new trial. The motion was based upon the same evidentiary arguments made above. The grant or denial of a motion for new trial is within the sound discretion of the trial court, and a reviewing court will not upset the trial court's ruling absent a clear showing of abuse of discretion. *Adroit Supply Company v. Electric Mutual Liability Insurance Co.*, 112 Ariz. 385, 542 P.2d 810 (1975). In light of our determination that the evidence was sufficient, we find no abuse of discretion.

Affirmed.

WREN and EUBANK, JJ., concur.