595 P.2d 1017

**Antonio M. CHAVEZ, personal representative and father of Deceased, Regina Chavez, Appellant and Cross-Appellee,**

v.

**TOLLESON ELEMENTARY SCHOOL DISTRICT and Ida Moriarity, Appellees and Cross-Appellants.**

**No. 1 CA–CIV 3794.**

Court of Appeals of Arizona, Division 1, Department B.

March 22, 1979.

Rehearing Denied April 27, 1979.

Review Denied May 22, 1979.

---

Charles Christakis, Phoenix, for appellant and cross-appellee.

Robbins, Green, O'Grady & Abbuhl, P. A. by Michael J. O'Grady, Harriet C. Babbitt, Phoenix, for appellees Moriarity and Tolleson Elementary School District.

Jennings, Strouss & Salmon by William T. Birmingham, Jack E. McCall, Phoenix, for appellee and cross-appellant Moriarity.

Dix W. Price and James A. Ullman, P. C. by James A. Ullman, Phoenix, for amicus curiae.

## OPINION

FROEB, Judge.

On the morning of September 17, 1973, ten year old Regina Chavez left the school grounds of Tolleson Elementary School, Unit Two, and was abducted and slain by John Cuffle. Her body was found some three months later in a field a few miles from the school. This wrongful death action, brought by her father Antonio M. Chavez (plaintiff), against the Tolleson Elementary School District and certain school personnel (defendants), is based upon negligence.

On the day this tragic event occurred, Tolleson Elementary School, Unit Two, had been in fall session about one week. Shortly after school began that day, a puppy walked through the open door of the fifth grade classroom and down the aisle, causing the pupils to whisper and giggle. The teacher, Ida Moriarity, inquired if the dog belonged to anyone in the class. Several children raised their hands, including Regina Chavez, who told the teacher that the dog belonged to a neighbor. Regina asked if she could take the puppy home. In response, the teacher sent Regina to the principal's office with the dog to get permission. The school office is located inside the school grounds some thirty feet from the classroom. On arrival at the office with the dog, Regina was instructed by the school secretary, Sally Pina, to place the dog outside the office along the breezeway and to return to her classroom. Regina did not argue with the secretary, and left the office with the puppy. She was observed leaving the office by the custodian, James Arnett, and subsequently by a student, Melissa Chavez, and a passerby, Petra Ledesma. The only other evidence pertaining to the disappearance of Regina was the tape-recorded statement of her abductor, John Cuffle (la-

ter convicted and sentenced for the crime). Cuffle stated he abducted Regina outside the school grounds about 10:30 A.M. and took her to a field some six miles from the school. Cuffle further stated that after the killing, he left the area and arrived home in Phoenix at 11:30 or 12:00 noon.

The trial of the case resulted in a jury verdict of $400,000 for plaintiff. After the trial, the defendants brought a motion for judgment notwithstanding the verdict, and, in the alternative, a motion for new trial. The trial court granted the former and denied the latter. Plaintiff thereafter filed motions to set aside the order granting judgment notwithstanding the verdict and for a new trial, which were denied.

Plaintiff appealed from the judgment N.O.V. and the orders denying his post-trial motions. Defendants filed a cross-appeal from the order denying their alternative motion for new trial.

The order of the trial court granting judgment notwithstanding the verdict stated: "The judgment notwithstanding the verdict is granted because plaintiffs failed to establish by the evidence the standard of care required by the school district and by the teacher, Ida Moriarity."

The plaintiff asserts basically three issues on appeal. First, the trial court erred in granting judgment N.O.V. on a ground not specifically raised on defendants' prior motion for directed verdict. Second, the plaintiff was not, in any event, required to establish by the evidence a specific standard of care required by the school district and by the teacher beyond that of ordinary care. Third, the plaintiff is entitled to a new trial on the ground of surprise, since the ruling on the judgment N.O.V. "changed the substantive law."

The defendants respond by asserting first, lack of proof of the standard of care was raised in the motion for directed verdict, however imprecisely; second, standard of care is part of the larger question of duty which *was* raised with precision on the motion for directed verdict and is again asserted on appeal to sustain the judgment

N.O.V.; third, evidence to prove the standard of care owned by the school district and its personnel was required; and, fourth, the trial court did not premise the judgment N.O.V. on new substantive law so as to warrant a new trial on the basis of surprise.

■ A public school district in Arizona is liable for negligence when it fails to exercise ordinary care under the circumstances. *Morris v. Ortiz*, 103 Ariz. 119, 437 P.2d 652 (1968) is the leading Arizona case on the subject. In this decision, Justice Struckmeyer pointed out, "Negligence is, of course, the failure to act as a reasonable and prudent person would act in like circumstances." 103 Ariz. at 121, 437 P.2d at 654. The well-settled standard of liability is based upon a duty owed to the plaintiff and a breach of the duty which is the proximate cause of the injury. *Crouse v. Wilbur-Ellis Co.*, 77 Ariz. 359, 272 P.2d 352 (1954).

■ There can be little question that a school district and a classroom teacher owe a duty of ordinary care toward a student during the time the student is under their charge. Beyond the common law declaration of that duty is a statutorily imposed duty arising out of A.R.S. § 15–442 A(14) which directs the board of trustees of a school district to "provide for adequate supervision over pupils in all instructional and noninstructional activities."

The duty is breached when conduct falls below the standard of ordinary care by creating an unreasonable risk of harm to the plaintiff. Prosser, *Law of Torts*, 4th Ed., § 31; Harper & James, *The Law of Torts*, Vol. 2, § 16.9; *Restatement of Torts, Second*, §§ 282, 284; *Downs v. Sulphur Springs Valley Electric Cooperative, Inc.*, 80 Ariz. 286, 279 P.2d 339 (1956); *Powder Horn Nursery, Inc. v. Soil and Plant Laboratory, Inc.*, 119 Ariz. 78, 579 P.2d 582 (App. 1978).

■ The existence of a duty toward the plaintiff and the standard of care owed by the defendant are initially questions of law for decision by the trial judge. *Rodri-guez v. Besser Co.*, 115 Ariz. 454, 565 P.2d 1315 (App.1977); *Barnum v. Rural Fire Protection Company*, 24 Ariz.App. 233, 537 P.2d 618 (1975). The issue of whether a breach of the duty has occurred ᵢis also initially a question of law for decision by the trial judge. If reasonable men would differ as to the breach of a duty, the question becomes one for the jury based upon the evidence. *Moore v. Maricopa County*, 11 Ariz.App. 505, 466 P.2d 56 (1970).

## STANDARD OF CARE

In their motion for judgment N.O.V., defendants argued that plaintiff failed to prove (1) a duty owed by the defendants to protect Regina Chavez; (2) a failure by the defendants to perform that duty; and (3) injury which was a proximate result of such failure. The motion emphasized the argument that "plaintiffs failed to present any evidence as to the specific duty owed by the educational institution in question or its professional employees." In support of the need for such evidence, defendants relied heavily upon the decision of the Arizona Supreme Court in *Maricopa County v. Cowart*, 106 Ariz. 69, 471 P.2d 265 (1970), a wrongful death case involving the standard of care owed by the Maricopa County Juvenile Home to its inmates. The court there held that "the standard required for the protection of juveniles placed in [the custody of the juvenile home] is that the institution exercises the skill and knowledge normally possessed by like institutions in similar communities handling juveniles." 106 Ariz. at 71, 471 P.2d at 267. The defendants argued to the trial court in this case that plaintiff had the burden of presenting evidence relating to a specific standard of care owed by personnel of a public elementary school to its students. In support of this argument, defendants contended that teachers must be certified personnel; they require professional training; they must follow prescribed statutory duties; and, therefore, the standard of care to which they must be held falls outside of the common knowledge of the general public and must be proven by evidence.

■ We find that the facts of this case, unlike *Cowart,* do not require that a specific standard of care be proven in order to establish negligence. We hold that the duty of the school personnel in this case as to the supervision of students in their charge was one of ordinary care. *Morris v. Ortiz,* above. The standard is not one which requires specific proof in order to be correctly applied by a jury. The common knowledge and experience of a jury provides the guide to ordinary care in a public elementary school setting and suffices in the determination of whether particular conduct meets or falls below the standard. There is, however, an additional ground for rejecting defendants' argument.

In later motion proceedings, plaintiff argued that judgment N.O.V. on this ground was unavailable since it was never presented to the trial court in defendants' motion for directed verdict. Plaintiff is correct on this point, both as to the law and the facts.

Rules of Civil Procedure, Rule 50(b), reads in part:

Motion for judgment notwithstanding the verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 15 days after the entry of judgment, a party who has moved for a directed verdict may file a motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict.
. . .

■ Arizona cases are clear that a judgment N.O.V. cannot be granted on a ground not raised in the motion for directed verdict. *LaBonne v. First National Bank of Arizona,* 75 Ariz. 184, 254 P.2d 435 (1953); *Glowacki v. A. J. Bayless Markets,* 76 Ariz. 295, 263 P.2d 799 (1953).

We have carefully reviewed the oral arguments and written trial memoranda submitted by defendants in support of their motion for directed verdict and find nothing relating to the claimed failure of plaintiff to present proof on the issue of a specific standard of care. The rule requiring the issue to be raised on the motion for directed verdict is based upon the premise that the claimed omission in proof might be cured by a reopening of plaintiff's case if the trial court finds merit to the motion. This is obviously not possible when the issue is raised for the first time after trial on a motion for judgment N.O.V. We turn, then, to an issue raised by defendants both in the motion for directed verdict and the motion for judgment N.O.V.

### DUTY

"The risk reasonably to be perceived defines the duty to be obeyed . . . ." *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928); *Bryan v. Southern Pacific Co.,* 79 Ariz. 253, 286 P.2d 761 (1955); *Rosendahl v. Tucson Medical Center,* 93 Ariz. 368, 380 P.2d 1020 (1963); *Tucker v. Collar,* 79 Ariz. 141, 285 P.2d 178 (1955).

In their motion for directed verdict, as well as in the motion for judgment N.O.V., defendants argued that the risk of harm which took the life of Regina Chavez was not reasonably foreseeable and, therefore, their duty of precaution did not encompass it.

■ Duty in a given situation is commensurate with the dangers involved. *Crouse v. Wilbur-Ellis Co.,* above; *Mountain States Telephone & Tel. Co. v. Kelton,* 79 Ariz. 126, 285 P.2d 168 (1955). It is the *unreasonable* risk of harm which subjects the actor to liability. *Tucker v. Collar.* Foreseeability is not only involved in the determination of proximate cause, it is also one of the yardsticks by which duty is measured.

■ The point is well made in *City of Scottsdale v. Kokaska,* 17 Ariz.App. 120, 495 P.2d 1327 (1972):

The first element [of actionable negligence] is the *duty* issue; the second is the *negligence* issue; the third element is the causal relation or *proximate cause* issue;

while the fourth element is the *damage* issue. To which issue is the question of foreseeability directed? Edwards says that it is the test for the second issue— *negligence.* However, our Supreme Court has said that it is an element of the first issue—*duty.* For instance in *Mountain States Telephone & Telegraph Co. v. Kelton,* 79 Ariz. 126, 285 P.2d 168 (1955), the court said that the duty the defendants owed plaintiff included the duty to take reasonable precautions to prevent injuring the plaintiff and that the reasonable precautions must be measured by the risk of anticipated harm (foreseeable harm). *See also, Bryan v. Southern Pac. Co.,* 79 Ariz. 253, 286 P.2d 761 (1955); *Matsumato v. Arizona Sand & Rock Co.,* 80 Ariz. 232, 295 P.2d 850 (1956).

\* \* \* \* \* \*

[T]hree aspects of foreseeability have developed in Arizona law: first, the determination by the court as a matter of law whether as a part of duty, the injury to the Plaintiff was foreseeable under the circumstances; second, as in *Tucker v. Collar, supra,* where the Supreme Court held that foreseeability was a proper question for the jury on the issue of negligence; and third, where the court views foreseeability as an element of proximate or legal causation in intervening force—superseding cause situations as in *Salt River Valley Water Users' Ass'n v. Cornum,* 49 Ariz. 1, 63 P.2d 639 (1937).

\* \* \* \* \* \*

We analyze the cases as saying that in the first instance foreseeability is always a question of law for the court. The court must determine the duty issue of whether an obligation is recognized by the law requiring the defendant to conform to a particular standard of conduct toward the plaintiff. This includes the question of whether the injury to the particular plaintiff was foreseeable. If it is not foreseeable then the trial judge usually disposes of the matter by dismissal, summary judgment, or the directed verdict route. If it is foreseeable and the

duty is found by the trial court to exist, the trial court may or may not refer the foreseeability question to the jury by instruction on the issue of negligence. This issue is usually presented to the jury, as in *Tucker v. Collar, supra,* where there is a *debatable question* whether the injury to plaintiff was within the foreseeable scope of the risk or whether defendant was required to recognize the risk or take precautions against it.

17 Ariz.App. at 124–126, 495 P.2d at 1331–1333.

■■■ Not every danger of harm must be recognized by a reasonable man. *Morris v. Ortiz,* above. *Restatement of Torts, Second,* § 289, states a general test as follows:

> The actor is required to recognize that his conduct involves a risk of causing an invasion of another's interest if a reasonable man would do so while exercising
>
> (a) such attention, perception of the circumstances, memory, knowledge of other pertinent matters, intelligence, and judgment as a reasonable man would have . . . .

Where the harm which in fact results is caused by the intervention of factors or forces which form no part of the recognizable risk, the actor is ordinarily not liable. *Restatement of Torts, Second,* § 281, Comment f. As earlier stated, the death of Regina Chavez was brought about by the felonious actions of John Cuffle after she had wandered from the school grounds. In scrutinizing the foreseeability of this event and determining if the conduct of school personnel created an unreasonable risk that it would occur, we may look again to *Restatement of Torts, Second,* in the area of "superceding cause" for guidance:

> The act of a third person in committing an intentional tort or crime is a superceding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likeli-

hood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

*Restatement of Torts, Second,* § 448. *See also Salt River Valley Water Users' Ass'n v. Cornum,* 49 Ariz. 1, 63 P.2d 639 (1937) for a discussion of foreseeability of the acts of third persons analyzed in the proximate cause setting.

 There are no facts in the record indicating that school personnel should have been aware of the potential of criminal conduct in the area of Tolleson Elementary School, Unit Two. To say that murder is a foreseeable potential creating an unreasonable risk of harm to each child leaving school grounds each day in the state of Arizona is untenable. The heinous criminal conduct involved here, while shocking, is clearly in the category of the unforeseeable. If it were otherwise, prevision would become paranoia and the routines of daily life would be burdened by intolerable fear and inaction. The intervention of the criminal conduct was foreign to any risk created by the school personnel. As a matter of law, we hold that the defendants could not reasonably have foreseen that Regina Chavez would leave the school grounds without permission and thereafter be abducted and slain.

### THE JUDGMENT N.O.V.

As previously stated, plaintiff correctly argues that it was error for the trial court to grant judgment N.O.V. on the ground that plaintiff failed to introduce proof relating to the standard of care. As pointed out above, the ruling of the trial court was based on this issue. Nevertheless, the issue of duty and its necessary component, foreseeability, was squarely before the trial court, both in the motion for directed verdict and the post-trial motion for judgment N.O.V.

It has been held on numerous occasions that a decision of the trial court will be affirmed where the result is legally correct, even though based upon an incorrect reason. *Santanello v. Cooper,* 106 Ariz. 262, 475 P.2d 246 (1970); *Matter of Estate of*

*Beaman,* 119 Ariz. 614, 583 P.2d 270 (App. 1978); *Tiffany Construction Co. v. Hancock & Kelley Construction Co.,* 24 Ariz.App. 504, 539 P.2d 978 (1975). We do so here upon such authority. The issue was squarely presented.

### ALTERNATIVE MOTION FOR NEW TRIAL

Plaintiff moved for a new trial in accordance with Rules of Civil Procedure, Rule 59(a)(3) on the ground of surprise. Plaintiff argues that if the judgment N.O.V. is affirmed (on the ground that plaintiff failed to present evidence on the standard of care), this constitutes a change in substantive law entitling him to a new trial. Since we have not affirmed the judgment on this ground, but have affirmed it on another ground, and there is nothing which would warrant a new trial, the contention is rejected.

### CROSS–APPEAL

Defendants' cross-appeal raises several issues, but we do not reach them in view of our decision affirming the judgment N.O.V.

Judgment N.O.V. affirmed.

JACOBSON, Acting P. J., Department B, and EUBANK, J., concur.