549 P.2d 240

John P. IVICEVIC and Barbara M. Ivicevic, husband and wife, Cecil Mathews and Darlene Mathews, husband and wife, and Sheldon Mathews, Appellants,

v.

CITY OF GLENDALE, a Municipal Corporation, and John Morin, Chief of Police of the City of Glendale, Appellees.

No. I CA–CIV 2883.

Court of Appeals of Arizona, Division 1, Department B.

May 13, 1976.

Rehearing Denied Aug. 9, 1976.
Review Granted Sept. 14, 1976.

Robbins, Green, O'Grady & Abbuhl by Philip A. Robbins, Harriet C. Babbitt, Phoenix, for appellants.

Moore & Romley by Kenneth J. Sherk, Donald W. Hart, Phoenix, for appellees.

OPINION

WREN, Judge.

This appeal is taken from the granting of a Motion to Dismiss for failure to state a claim upon which relief might be granted against the City of Glendale and John Morin, the Glendale police chief. Appellants concede that John Morin was properly dismissed as a party defendant and appeal only the dismissal as to the City of Glendale.

The facts, as alleged by the appellant, are that on August 7, 1971, Mrs. Pierson telephoned a complaint to the Glendale police stating that her husband, Harley Pierson, was intoxicated and disturbing the peace in front of their home. When the officers arrived they found the husband asleep in front of the house. They awakened him and ordered him to leave the premises. At that time, the officers knew or should have known that Pierson was intoxicated and unable to drive safely. After ordering Pierson to leave, the officers saw him get into his car and drive away.

Several minutes later, Pierson's car collided with a vehicle operated by one of the appellants, Sheldon Mathews. As a result of the collision, Mathews was injured, his passenger, Monika Ivicevic, decedent of other appellants, was killed, and the car damaged.

The question presented for our review is whether under the facts as pleaded, the City of Glendale can be held liable for the damages sustained by appellants resulting from the alleged negligence of its police officers in allowing Pierson to operate a motor vehicle in an intoxicated state.

In order to state a cause of action in tort, a plaintiff must prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach. In the case sub judice, no claim for relief can be stated against the City of Glendale because the duty allegedly owed by the City was a duty to the public in general and not to appellants in particular. *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969); *Delarosa v. State*, 21 Ariz.App. 263, 518 P.2d 582 (1974); *Duran v. City of Tucson*, 20 Ariz.App. 22, 509 P.2d 1059 (1973).

In *Massengill v. Yuma County*, our Supreme Court examined the duty of public officers and governmental agencies.

" * * * '[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution.' Cooley, Torts, § 300, p. 385 (4th ed.)." 104 Ariz. at 521, 456 P.2d at 379.

The Court went on to hold that the duty owed by police officers is clearly one owed to the general public, and that unless facts are pleaded to show that a plaintiff fits into the narrow exception to this rule, no cause of action can be maintained against the officers or governmental agency by individual plaintiffs for any alleged negligent performance of that duty.

*Duran v. City of Tucson*, supra, is helpful in setting out the exceptional situations where a particular duty to individuals exists and recovery in tort is possible against a government agency and its public officers. As noted in *Duran* two specific types of situations give rise to this duty to individuals.

"[1] [There are] certain activities of the government which provide services and facilities for use of the public such as highways, public buildings and the like, in performance of which the governmental body may be liable under the ordinary principles of tort law. The basis for liability is the provision of the service or facilities for the direct use by members of the public. This is to be contrasted with the provision of a governmental service to protect the public generally from external hazards.

* * * * * *

"[2] [T]here are situations where a government or agency thereof can by its conduct narrow an obligation owed to the general public into a special duty to an individual for the breach of which it is answerable in damages. *Duran v. City of Tucson*, 20 Ariz.App. at 25, 500 P.2d at 1062.

Causes of action for negligence in providing services and facilities for the use of members of the public are exemplified in such cases as *Arizona State Highway Dept. v. Bechtold*, 105 Ariz. 125, 460 P.2d 179 (1969) (negligent repair of malfunctioning traffic signal); *Veach v. City of Phoenix*, 102 Ariz. 195, 427 P.2d 335 (1967) (failure to provide water for firefighting purposes); *City of Phoenix v. Whiting*, 10 Ariz.App. 189, 457 P.2d 729 (1969) (negligent maintenance of rotting trees on city land adjoining street); *Vegodsky v. City of Tucson*, 1 Ariz.App. 102, 399 P.2d 723 (1965) (negligent construction or maintenance of city street).

The second, very narrow situation of government liability to individuals is exemplified by the cases of *Schuster v. City of*

*New York*, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958); *In re M/T Alva Cape*, 405 F.2d 962 (Second Circuit 1969); and *Gardner v. Village of Chicago Ridge*, 128 Ill.App.2d 157, 262 N.E.2d 829 (1970). The common thread in these cases is the special relationship existing between the plaintiffs and the public officers which gave rise to a particular duty to exercise reasonable care. In *Schuster*, the duty to the individual arose from the relationship established by the police in enlisting and publicizing his aid in apprehending a dangerous criminal. In *Alva Cape*, the order by the fire commissioner to the ship, Alva Cape, to proceed with salvage operations in a specific manner narrowed the City of New York's general duty to a particular duty to that vessel. Finally, in *Gardner*, the special relationship giving rise to a duty arose because the police placed Gardner in such a proximity to his assailants that they became obligated to exercise reasonable care to protect him.

As in *Massengill*, the duty involved in the case at bar is the duty of police officers to protect the general public from external hazards. The duty of the government to maintain facilities and services in a reasonably safe condition is not involved, and therefore any cause of action can rest only on the exception of a general duty narrowed to particular individuals because of a special relationship. The relationship that existed between the Glendale police officers and appellants was no different than their relationship with any other members of the general public. Whether the police officers' action is characterized as an affirmative act or a failure to act, no duty to the injured parties was owed and no cause of action in tort can be maintained for any alleged negligence of the police officers in dealing with Pierson.

The dismissal of the action as to the City of Glendale and John Morin as party defendants is therefore affirmed.

JACOBSON, P. J., and SCHROEDER, J., concur.