345 So.2d 543 (1977)
Carl FUSILIER and James Rudy Fusilier, Plaintiffs-Appellees-Appellants,
v.
Leon Todd RUSSELL et al., Defendants-Appellants.
No. 5894.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.[*]
Writ Refused July 1, 1977.
*544 Voorhies & Labbe, by Richard D. Chappuis, Lafayette, for defendants-appellants.
Lewis & Lewis, by John M. Shaw and James T. Guglielmo, Opelousas, Durrett, Hardin, Hunter, Dameron & Fritchie by William N. Faller, Baton Rouge, J. Jake Fontenot, Mamou, for plaintiffs-appellees-appellants.
Before HOOD, DOMENGEAUX and ROGERS, JJ.
DOMENGEAUX, Judge.
This is a companion case to Fusilier v. Pitre et al., # 5895, 345 So.2d 547, and Fusilier v. Interstate Surplus Underwriters, Inc., et al., # 5896, 345 So.2d 548, in which cases separate decrees are being rendered. The three cases were consolidated at trial, and remained so on appeal.
Plaintiff, Rudy Fusilier, a guest passenger, was severely burned in an automobile accident in Evangeline Parish. He and his friend were travelling down a country road at approximately 1 A.M. when defendant Russell (now deceased), who was highly intoxicated, ran into the rear end of their vehicle at a high rate of speed. This suit was brought against defendant Russell through his executor, Lloyd W. Russell. Made defendants by third party demand were Elin Pitre, Sheriff of Evangeline Parish, Louisiana, and two of his deputies, McKinley Ray Veillon and Jerry Cox, and their insurers, Interstate Fire and Casualty Company and Employers Surplus Lines Insurance Company. Also made defendants by third party demand were Mark Bozeman, driver of the vehicle in which plaintiff rode, and his insurer, Traders and General Insurance Company. In a second consolidated suit, # 5895, plaintiff sued the Sheriff and the two deputies, and their insurers, who made Leon Todd Russell and Fireman's Fund Insurance Company third party defendants. In the third consolidated suit, # 5896, plaintiffs sued Interstate Surplus Underwriters, Inc. and Lloyds, London, the uninsured motorist insurers of plaintiff's father, Carl Fusilier. Judgment was rendered in favor of plaintiff James Rudy Fusilier[1] *545 and against defendant, Russell, in solido, with his insurer Fireman's Fund in the amount of $149,395.44,[2] plus legal interests and costs. (The liability of Fireman's Fund being in accordance with its policy limits.) Judgment in favor of plaintiff was also rendered against Traders and General Insurance Company for uninsured motorist benefits in the amount of $5,000.00 and further against Allen Boud Flack as the particular underwriter at Lloyds, London, subscribing to a certificate issued to plaintiff's father through Interstate Surplus Underwriters, Inc., in the amount $20,000.00. Judgment was rendered in favor of Sheriff Elin Pitre, Jerry Cox, Ray Veillon, and their insurers, Interstate Fire and Casualty Company and Employers Surplus Lines Insurance Company, dismissing all demands against them.
Defendant-administrator of the estate of Leon Todd Russell has appealed, citing as error the trial judge's decision not to hold the Sheriff, the two deputies, and their insurers liable herein, and consequently not allowing contribution from them. Plaintiff has appealed citing that same error and additionally asked for an increase in quantum. Defendants Elin Pitre, Ray Veillon, Jerry Cox, and their insurers have also appealed as a precautionary measure. We affirm the judgment of the trial court.
The district court judge succinctly summarized the testimony pertinent to the issue of the deputies' liability and stated his reasons for finding them not liable as follows:
". . . Also made defendant herein is the Sheriff of Evangeline Parish and his insurer. The Court finds no merit in the claim against the Sheriff and his insurer. The demands against the Sheriff are based on the fact that two Sheriff's deputies[3] were called to an incident which occurred at a nightclub known as the Golden Spur, which is located approximately two miles north of the scene of the accident. The owner of the club requested the Sheriff's Department to evict one Elwood Deshotel. It so happened that Leon Todd Russell and Deshotel were together and that the said Russell also left the building housing the Golden Spur and went outside into the parking lot. The evidence reveals that there were at least two night clubs operating within a few feet of each other, and that there were many cars parked on the parking lot and many persons milling around outside of the buildings. The Sheriff's deputies observed the intoxicated state of Leon Todd Russell. However, no complaint had been made against Russell and the deputies made no attempt to pick him up. The deputies testified that they observed Leon Todd Russell staggering around the parking lot for some time. However they did not observe him enter an automobile nor did they observe him leave the night club area, nor did they know that he even had a car there. After a period of approximately ten minutes or so when they noticed his absence, the deputies left the Golden Spur and headed in a southerly direction on La. 13 and came up upon an accident where both vehicles were on fire.
The deputies further testified that there were many persons who appeared to be intoxicated in the parking lot. This Court is of the opinion that the mere fact that a sheriff's deputy sees a person in an intoxicated condition and does not arrest said person and jail him, does not create liability on the part of the sheriff's deputies such as to make either the deputies or the sheriff liable for damages which that person may cause at a later time at another place . . .."
The question before us, whether an officer may be held liable for the damages done *546 to a third party by a person he failed to arrest, appears to be res nova in Louisiana. Courts in other states have recently addressed this issue and have reached conclusions identical to that of the trial judge. See Ivicevic v. City of Glendale, 26 Ariz. App. 460, 549 P.2d 240 (1976), Massengill v. Yuma County, 104 Ariz. 518, 456 P.2d 376 (1969), and the annotation at 41 A.L.R.3d 700 (1972), and the cases cited therein.
We hold that a police officer's duty to make arrests is owed to the general public and not to individuals. Unless the plaintiff can prove facts which show that the defendant owed him a special duty outside of the one owed to the general public, he cannot recover. No such special duty was exhibited in this case.
In Frank v. Pitre, 341 So.2d 1376 (La. App. 3rd Cir. 1977), the Sheriff held a prisoner in custody, and released him on a weekend furlough. The majority of the court found liability on the part of the Sheriff for damages suffered by a third person which were inflicted by the prisoner while on furlough. Although we recognize the forcefulness of the reasoning and conclusions set out in the majority opinion, we nevertheless feel compelled to respectfully disagree with that opinion. We conclude that the dissenting opinion stated the correct view, i. e. that peace officers do not owe a duty to individuals to detain an offender. This conclusion is quite apropos here. Both detention and arrest involve removing a possibly harmful person from society for the collective good.
As was observed in brief by able counsel for third party defendant, a policeman's responsibility for acts and/or omissions which occur while performing his official duties has received considerable attention in our current society. These three consolidated lawsuits serve best to illustrate the current dilemma with which the law enforcement officer is constantly confronted. On the one hand, he is sued in damages for making an arrest without a warrant and now, on the other, he is being pursued in damages for failing to make such an arrest. Surprising as it may seem, this clash of theories of responsibility was recognized by the late Chief Justice Earl Warren of the U. S. Supreme Court. In Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967), one of the leading decisions relating to the liability for false arrest, Chief Justice Warren observed the following:
"A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does."
Plaintiff-appellant also complains that the trial judge erred on the quantum issue. The trial judge found a remarkable similarity between the injury in this instance[4] and the injuries sustained by the plaintiff in Coco v. Winston Industries, Inc., 330 So.2d 649 (La.App. 3rd Cir. 1976). In Coco, the jury awarded the plaintiff $350,000.00 in general and special damages for a severely damaged right hand. The Third Circuit Court of Appeal reduced the award to $140,000.00.
At the time the judgment herein was rendered, the Supreme Court had granted writs in Coco but had not yet handed down a decision. The trial judge, feeling bound by the Court of Appeal decision, awarded $140,000.00 to plaintiff for general damages and loss of earnings. Since that time, the Supreme Court has reinstated the original jury award in Coco, 341 So.2d 332 (La.1977). Plaintiff-appellant suggests that the trial judge would have awarded $350,000.00 to him had the Supreme Court decision in Coco been handed down at the time judgment was rendered herein. Be that as it may, we are not inclined to increase the award, because of factors which distinguish this injury from the one sustained by the plaintiff in Coco and make it less debilitating. First, the plaintiff in Coco was right hand dominant, and the injury was to his right hand. Here, the plaintiff is right hand dominant but sustained damage to his *547 left hand. Secondly, the plaintiff in Coco was limited in his employment to mechanic work. Here the plaintiff, although trained to become a carpenter, has an exceedingly high intelligence quotient (IQ), and with some remedial training in college can attain a job of professional status which does not require the use of his left hand. Additionally, we find that the loss of future wages by plaintiff herein were not proven as effectively and extensively as was done in Coco.
Therefore, the award of $140,000.00 for general damages and loss of wages is affirmed, as being neither excessive nor inadequate.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against Lloyd W. Russell, Administrator, and Fireman's Fund Insurance Company.
AFFIRMED.
NOTES
[*] Rogers, J., voted for rehearing.
[1] Apparently James Rudy Fusilier had reached the age of majority at the time judgment was rendered herein.
[2] $140,000.00 for general damages and loss of future earnings and $9,395.44 for medical expenses.
[3] Footnote by the Appellate Courtthe two deputies referred to are the defendants McKinley Ray Veillon and Jerry Cox.
[4] Plaintiff's left hand was severely burned, which necessitated the partial amputation of the thumb and of the index, long, ring, and little fingers.