569 P.2d 1369

**Richard BESSERMAN and Rosalie Besserman, husband and wife, Appellants and Cross-Appellees,**

v.

**TOWN OF PARADISE VALLEY, INC., Appellee and Cross-Appellant.**

**No. 1 CA–CIV 3100.**

Court of Appeals of Arizona, Division 1, Department B.

July 19, 1977.

Rehearing Denied Sept. 13, 1977.

Review Denied Oct. 12, 1977.

William B. Revis, Ltd. by William B. Revis, Phoenix, for appellants and cross-appellees.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by John H. Lyons, Mesa, for appellee and cross-appellant.

OPINION

WREN, Acting Presiding Judge.

Richard and Rosalie Besserman bring this appeal from the granting of summary judg-

ment in favor of the Town of Paradise Valley. Their complaint had alleged that the town was liable for damages caused by a bad faith and malicious inspection of their home performed by the town's building inspector and for damages based on theories of fraud and third-party beneficiary contract. We find that the summary judgment was proper.

Appellant's contention that the town is liable for the bad faith and malicious inspection is premised upon two theories: (1) that the municipality is liable under the doctrine of respondeat superior for the tortious conduct of its agents and employees and (2) that by adopting § 202(g) of the Uniform Building Code the town created liability by implication against the building inspector and consequently against the town through respondeat superior.

An actionable tort involves a duty owed by defendant to plaintiff, breach of that duty and injury proximately caused by the breach. *Ivicevic v. Town of Glendale*, 26 Ariz.App. 460, 549 P.2d 240 (1976). The issue before us is whether the town owed a duty to the Bessermans to carefully inspect their home during its construction.

An analysis of the duty owed by public officers and governmental entities first involves a determination of whether the duty is one owed to the public generally, the breach of which would not support an individual claim for damages. *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969). In *Duran v. City of Tucson*, 20 Ariz.App. 22, 509 P.2d 1059 (1973), the Court of Appeals considered a claim for damages for a negligent fire inspection performed by a City of Tucson employee. The Court held that the statutory duty to perform fire inspections is a duty owed to the

public and any breach is not actionable by a private person who was damaged. Arizona has similarly held that the duty owned by police officers is a public not an individual duty. *Massengill v. Yuma County*, supra; *Ivicevic v. City of Glendale*, supra. Dicta in the *Duran* opinion drew an analogy between fire codes and building codes and cited with approval in *Duran* is a Minnesota case holding that a building inspector's duty extends to the public generally and negligent performance will not support an individual cause of action. *Hoffert v. Owatonna Inn Towne Motel, Inc.*, 293 Minn. 220, 199 N.W.2d 158 (1972); also, *Georges v. Tudor*, 16 Wash.App. 407, 556 P.2d 564 (1976); contra, *Coffey v. City of Milwaukee*, 74 Wis.2d 526, 247 N.W.2d 132 (1976).

■ The issue of the duty owed by the town under a building inspection ordinance is controlled by the *Duran* decision. The services performed by a building inspector are for the benefit of the public generally and not the individual and no cause of action will lie, absent special circumstances, for damages caused by a failure to inspect properly. Those special circumstances which will narrow the public duty to one owed to a particular individual are set forth in *Duran v. City of Tucson*, supra and *Ivicevic v. City of Glendale*, supra and clearly were not present in this case.[1]

■ Appellant argues that even if a building inspector generally owes no duty to individuals, the Town of Paradise Valley has created such a private duty for malicious and bad faith inspections by its adoption of § 202(g) of the Uniform Building Code and through respondeat superior, is vicariously liable for damages caused by such a malicious, bad faith inspection. Section 202(g) provides:

---

1. In *Grimm v. Arizona Board of Pardons and Paroles*, 115 Ariz. 260, 564 P.2d 1227, filed April 11, 1977, our Supreme Court held that members of the Board of Pardons and Paroles narrowed its duty owed to the public generally to one owed to individuals when they released on parole a prisoner with a history of violent and dangerous conduct toward other persons. For purposes of the appeal presently before us, we believe the *Grimm* decision is inapplicable. The holding in *Massengill v. Yuma County*,

supra was reaffirmed and we believe the holdings of *Ivicevic v. City of Glendale*, supra and *Duran v. City of Tucson*, supra retain their validity. Our reading of *Grimm* leads us to conclude that it may well be limited to the situation of the grossly negligent or reckless release of a highly dangerous person. See, *Grande v. State*, 115 Ariz.App. ——, 565 P.2d 900, filed March 22, 1977, rev. denied June 28, 1977.

"(g.) *Liability.* The Building Official or any employee charged with the enforcement of this Code, acting in good faith and without malice for the city in the discharge of his duties, shall not thereby render himself liable personally and he is hereby relieved from all personal liability for any damage that may accrue to persons or property as a result of any act required or by reason of any act or omission in the discharge of his duties. Any suit brought against the Building Official or employee, because of such act or omission performed by him in the enforcement of any provisions of this Code, shall be defended by the legal department of the city until final termination of the proceedings."

Assuming, arguendo, that the town has the authority to assume liability for damages caused by bad faith and malicious building inspections, we do not believe it has attempted to do so by adopting the above-quoted section of the building code. Our reading of the ordinance leads us to conclude that if the public duty is narrowed to an individual duty by this ordinance, it is only the duty of the building inspector personally to perform inspections in good faith and without malice. The ordinance does not narrow the duty owed by the town nor assume vicarious liability for a bad faith and malicious inspection. However, we need not determine whether a cause of action may be maintained against the building inspector personally because the building inspector who performed the Besserman inspection was not named as a party to the action.[2]

▮ Appellants also assert the existence of fraud and a third-party beneficiary contract as theories for recovery against the town. We find these contentions to be without merit. The existence of the build-

ing code which creates no private duty and the failure of the inspector to assure compliance with the building code will not support a claim of fraud in spite of appellants' reliance on the inspection. Finally, the purchase of the building permits by the contractors did not create a contractual duty of careful inspection whose benefits inured to the Bessermans.

Judgment affirmed.

EUBANK and JACOBSON, JJ., concur.

---

2. The cross-appeal filed by the Town of Paradise Valley seeks to have us decide whether the ordinance permits a suit against the building inspector personally. Apparently, such was the belief of the trial judge who had allowed Count I of the Complaint to stand against one Roy Jacobsen, the town building inspector. Summary judgment was thereafter granted in Jacobsen's favor when the trial judge was informed that Jacobsen was not the building inspector at the time of the Besserman inspection.

We decline to decide this question because we do not believe it is necessary to our decision nor properly before us in this case.