611 P.2d 547

Peter P. JESIK, father of Peter P. Jesik, II, Deceased, and Personal Representative of the Estate of Peter P. Jesik, II, Appellant,

v.

MARICOPA COUNTY COMMUNITY COLLEGE DISTRICT; Governing Board of the Maricopa County Community College District; Dwight Patterson, Paul J. Wright, W. James Miller, Kenneth R. Badertscher, and Jeremy E. Butler, Individually and as members of the Governing Board of Maricopa County Community College District; Estate of W. James Miller, Deceased; Mildred G. Miller, Personal Representative of the Estate of W. James Miller, Deceased; Mildred B. Miller, wife and widow of W. James Miller; Jane Doe Patterson, wife of Dwight Patterson; Jane Doe Wright, wife of Paul J. Wright; Jane Doe Badertscher, wife of Kenneth R. Badertscher; Jane Doe Butler, wife of Jeremy E. Butler; State Board of Directors for Community Colleges of Arizona, a body corporate; Phoenix College, a community college; John F. Prince and Jane Doe Prince, his wife; William E. Berry and Jane Doe Berry, his wife; Steven E. Carson and Jane Doe Carson, his wife, Appellees.

No. 14448.

Supreme Court of Arizona, In Banc.

April 9, 1980.

Rehearing Denied May 23, 1980.

**544**

William G. Barnes and Herbert Mallamo, Phoenix, for appellant.

Jones, Teilborg, Sanders, Haga & Parks by Neil C. Alden, Phoenix, for appellees.

HOLOHAN, Vice Chief Justice.

Appellant Peter Jesik appeals from the entry of summary judgment in favor of the defendants on all counts of the wrongful death claim, brought pursuant to A.R.S. § 12–612, for the death of his son, Peter Jesik, II. The defendants on appeal are: Maricopa County Community College District, its Governing Board, the individual members of the Governing Board, the President of the District, the Executive Dean of Phoenix College and the Dean of Students of Phoenix College. We took jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Both the original motion and the supplementary motion for summary judgment were based solely upon the allegations in the complaint. No affidavits were filed. In reviewing such a case on appeal the appellate court will accept the allegations of the complaint as being true. *Grimm v.*

*Arizona Board of Pardons and Paroles,* 115 Ariz. 260, 564 P.2d 1227 (1977). The facts alleged in summary are:

On August 22, 1973, the decedent Peter Jesik, II, was registering as a student for the fall semester at Phoenix College. In the late morning, Charles Doss after having "words" with the decedent told decedent that he was going home to get a gun and coming back to the college campus to kill him. The decedent reported this threat to Scott Hilton, a security guard employed by Phoenix College, and received assurances of help and protection. The decedent then continued with his registration. Hilton, the complaint alleges, failed to arm himself or take any other precautionary measures. Approximately an hour later Doss returned to campus carrying a briefcase. He proceeded to the gymnasium where the decedent was continuing his registration. The decedent again contacted Hilton and pointed out Doss and the briefcase. Again the decedent was assured of help and protection, and he remained in the gymnasium in reliance on these assurances. Hilton approached Doss, questioned him and, apparently satisfied, turned his back on Doss and walked away. Doss immediately pulled a gun from his briefcase and shot and killed the decedent. Doss was subsequently convicted of murder. *See State v. Doss,* 116 Ariz. 156, 568 P.2d 1054 (1977).

The complaint alleged that the security force of the college was inadequate in size, numbers, training and qualifications and was incompetent to perform security functions and that a duty was owed by the college to protect the decedent either by virtue of his position as a student-invitee or by the security guard's affirmative conduct in assuring the decedent of help and protection. Summary judgment was granted in favor of all defendants except the security guard, Hilton who is not a party to this appeal.

While a number of contentions were advanced below, the issues on appeal have been narrowed by appellant to the following:

1) Did appellees have a duty to protect invitees from third party criminal acts?

nav

2) Did the security guard's affirmative conduct create a duty to protect decedent?

3) Is respondeat superior applicable so as to create liability on the part of appellees for the acts and omissions of the security guard?

4) Do appellees have immunity?

These issues are reducible to the question: Did appellees owe a duty to the decedent under the facts as alleged?

■ In order for liability to attach, a duty must be owed to the particular individual beyond the general duty owed to the public. *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969).

As to the individual defendants, the Executive Dean and Dean of Students of Phoenix College, the President of the District and the individual board members, appellant asserts that they are liable because they control, maintain, operate and administer Phoenix College, including its security force. The Dean of Students in particular allegedly has direct supervisory responsibility over the college security operations and personnel. Appellant concludes that because these defendants controlled an inadequate and incompetent security force, they are liable for any breach of duty by that security force.

In asserting this argument appellant relies primarily[1] upon A.R.S. § 15–679,[2] former A.R.S. § 13–1092[3] and former A.R.S. § 13–1093.[4]

1. Appellant also relies on an ordinance adopted pursuant to A.R.S. Title 13, Chapter 3, by the Arizona State Board of Directors for Junior Colleges entitled "Ordinance Regulating Use Of, And Conduct Upon, Properties Of The Junior Colleges Of The State Of Arizona" which simply sets forth bases for removal of persons from junior college campuses. It does not add to appellant's argument.

2. "§ 15–679. *Powers and duties*
"A. Except as otherwise provided, the district board shall:

"3. Visit the community college and examine carefully into its management, conditions and needs.

"9. Appoint, if deemed necessary by the district board, security officers who shall have the authority and power of peace officers for the protection of persons and property under the administration of the district board."

3. "§ 13–1092. *Trespass upon the property of educational institutions; interference with its lawful use by others; penalty*
"A. No person shall go upon or remain upon the property of any educational institution in violation of any rule or regulation of such institution or for the purpose of interfering with the lawful use of such property by others or in such manner as to deny or interfere with the lawful use of such property by others.
"B. When the chief administrative officer of an educational institution or an officer or employee designated by him to maintain order has probable cause to believe that any person or persons are committing an act or acts which interfere with or disrupt the lawful use of such property by others at the educational institution, or has probable cause to believe a person or persons have entered upon the property for the purpose of committing such an act or acts, said officer or employee may order such person or persons to leave the property of the educational institution. No person shall refuse to obey said order.
"C. Any person who violates any of the provisions of this section is guilty of a misdemeanor punishable by a fine of not more than five hundred dollars, by imprisonment in the county jail for a period not to exceed one year, or both.
"D. The provisions of this section may be enforced by any peace officer in the state wherever and whenever a violation occurs."

4. "§ 13–1093. *Governing Board to adopt rules, regulations*
"A. The appropriate governing board of every educational institution shall within ninety days after the effective date of this article adopt rules and regulations for the maintenance of public order upon all property under its jurisdiction which is used for educational purposes and shall provide a program for the enforcement thereof. Such rules and regulations shall govern the conduct of students, faculty and other staff, and all members of the public while on the property. Penalties for violations of such rules and regulations shall be clearly set forth and enforced. Penalties shall include provisions for the ejection of a violator from the property and, in the case of a student, faculty member or other staff violator, his suspension, expulsion or other appropriate disciplinary action. Adoption of all rules and regulations required by this section shall be governed by the provisions of title 41, chapter 6, and such rules shall be amended from time to time to ensure the maintenance of public order.
"B. No educational institution shall be eligible to receive any state aid or assistance unless

However, these statutes only set forth a general duty to provide security to members of the public on school property. This is directly analogous to the police function discussed in the *Massengill* line of cases in which we have held police protection to be a general duty owed to the public, not to an individual. *See Massengill v. Yuma County, supra; Ivicevic v. City of Glendale*, 26 Ariz.App. 460, 549 P.2d 240 (1976); *McGeorge v. City of Phoenix*, 117 Ariz. 272, 572 P.2d 100 (App.1977); *DeHoney v. Hernandez*, 122 Ariz. 367, 595 P.2d 159 (1979); cf. *Duran v. City of Tucson*, 20 Ariz.App. 22, 509 P.2d 1059 (1973); *Delarosa v. State*, 21 Ariz.App. 263, 518 P.2d 582 (1974); *Besserman v. Town of Paradise Valley, Inc.*, 116 Ariz. 471, 569 P.2d 1369 (App.1977); *Bagley v. State*, 122 Ariz. 365, 595 P.2d 157 (1979).

█ *State v. Superior Court of Maricopa County*, 123 Ariz. 324, 599 P.2d 777 (1979) does not support appellant's argument because there the statutes enumerated the Corporation Commission's duties specifically and were clearly directed to the protection of the thrift company depositors, a particular class of persons. A reading of the statutes in the case at bar indicates concern for the protection of all persons on the college campus. Thus, a general duty is owed and a breach of that duty is a public wrong, not actionable by an individual. We therefore affirm the trial court's grant of summary judgment in favor of the individual appellees.

Next we turn to the duty owed by the College District, via the Governing Board. As we stated above, in order for liability to attach the general duty must somehow be narrowed to a duty owed to the individual. *State v. Superior Court of Maricopa County, supra.*

█ Appellant asserts that the Restatement of Torts, Second, §§ 344 and 318 are applicable. However, we follow the Re-

statement only in the absence of Arizona authority to the contrary. *MacNeil v. Perkins*, 84 Ariz. 74, 324 P.2d 211 (1958); *Barnum v. Rural Fire Protection Co.*, 24 Ariz. App. 233, 537 P.2d 618 (1975). In the instant case there is both statutory and case authority which set forth the duties owed by a school district to its students.

█ A public school district in Arizona is liable for negligence when it fails to exercise ordinary care under the circumstances. *Morris v. Ortiz*, 103 Ariz. 119, 437 P.2d 652 (1968); *Vreeland v. State Board of Regents*, 9 Ariz.App. 61, 449 P.2d 78 (1969) established that students are invitees and that schools have a duty to make the premises reasonably safe for their use. If a dangerous condition exists, the invitee must show that the employees of the school knew of or created the condition at issue. *Vreeland, supra.*

In addition to the above tort duties, the legislature has by statute imposed upon school boards a specific duty of protection for students against torts. The Court of Appeals in *Chavez v. Tolleson Elementary School District*, 122 Ariz. 472, 595 P.2d 1017 (App.1979), held that A.R.S. § 15–442(A)(14) [5] set forth such a duty.[6] *Chavez, supra*, also involved a third party criminal act. The *Chavez* court recognized that while ordinarily a third party's intentional tort or criminal act is not part of the recognizable risk, liability will be imposed if the school "realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime." 122 Ariz. at 477–478, 595 P.2d at 1022–23, quoting from the Restatement of Torts, Second, § 448.

In *Chavez* there were no facts in the record indicating that school personnel should have been aware of the potential for

rules and regulations are adopted in accordance with this section."

**5.** Now renumbered (16), it provides in pertinent part that the board shall "provide for adequate supervision over pupils in all instructional and noninstructional activities."

**6.** A.R.S. § 15–442(A)(14) is applicable to the Maricopa County Community College Governing Board by virtue of A.R.S. § 15–624(A) and A.R.S. § 15–545(A).

criminal conduct. The complaint in the case at bar, however, alleges that school personnel, i. e. the security guard, had specific and repeated notice of both the actor and the exact type of harm that did in fact occur. We hold, therefore, that the statutory duty of adequate supervision coupled with notice imposed a specific duty to exercise reasonable care to protect the decedent.

Because of our holding, we do not find it necessary to discuss appellant's alternative theories of assumed duty and narrowing a general duty by conduct.

The corollary to the imposition of a duty is, who is liable if at trial appellant proves a breach of that duty? We have repeatedly held that respondeat superior is applicable to the breach of a duty by a governmental employee or agent acting within the scope of employment. *State v. Superior Court of Maricopa County, supra; Patterson v. City of Phoenix*, 103 Ariz. 64, 436 P.2d 613 (1968); *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963). Appellant concedes that respondeat superior means the Maricopa County Community College District will be held liable for any breach of duty by its employee, the security guard, if he was acting within the scope of employment.

The trial court's grant of summary judgment in favor of the individual appellees is affirmed. The grant of summary judgment in favor of the District is reversed and the case is remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.

## SUPPLEMENTAL OPINION

HOLOHAN, Vice Chief Justice.

In considering appellees' motion for rehearing we note that A.R.S. § 15–442(A)(14) was not in effect at the time of the events in question. Any reference to a legislative duty existing by reason of the cited statute is stricken. In all other respects the opinion of the court remains unchanged, and the motion for rehearing is denied.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.