492 So.2d 110 (1986)
John LOWE, Individually and as the Administrator of the Estate of his Minor Child, Brett Anthony Lowe
v.
George W. PATTERSON, Jr., George W. Patterson, Sr., ABC Insurance Company, Rocky Bennett, John or Jane Doe Bennett, DEF Insurance Company, the St. Tammany Parish School Board, XYZ Insurance Company[1].
No. 85 CA 0503.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Rehearing Denied August 20, 1986.
Writ Denied November 7, 1986.
Richard Muller, William Decker, Mandeville, for plaintiffs and first appellants.
Ben Lightfoot, Baton Rouge, for St. Tammany, Parish Sheriff's Office, Def. North River Ins. Co., International Surplus Lines, defendants and second appellants.
Debra Fischman, New Orleans, for St. Tammany Parish School Bd. & Nat. Union
*111 Fire Ins. Co., defendants and third appellants.
William Voight, Metairie, for George W. Patterson, Jr. & Sr. & Allstate Ins. Co., appellees, defendants.
Iddo Pittman, Jr., Hammond, for Rocky Bennett & John Bennett & State Farm Ins. Co., defendants, appellees.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an action for damages brought by John Lowe, individually and on behalf of his minor son Brett Anthony Lowe,[2] for personal injuries sustained by Brett in the parking lot of Covington High School.
On or about September 7, 1979, Brett attended a school-sponsored dance at Covington High School following a football game. Despite rules forbidding students to consume alcoholic beverages during school-sponsored events, Brett did so and became intoxicated. Toward the end of the evening, Brett was in the school's parking lot, when he became sick and began to vomit on a truck belonging to Leroy Allen "Rocky" Bennett. Bennett told Brett to get off of his truck, but offered no assistance.
Brett removed himself from Bennett's truck and sat on a car belonging to George W. Patterson, Jr. Patterson was some distance away talking with friends when he became aware that Brett was sitting on his car. Patterson approached Brett and told him to get off of his car. Brett said he would, and Patterson went back to his friends.
When Patterson returned to his car to leave, he checked over the hood and saw that Brett was no longer there. Patterson was unaware Brett was lying under the right side of the car. Thereafter Patterson drove off, rolling over the left side of Brett's body, severely injuring him.
Suit was filed against George Patterson, Jr.; his father, George Patterson, Sr.; Allstate Insurance Company, automobile liability insurer for the Pattersons; Leroy Allen "Rocky" Bennett; his father, Arnold Bennett; State Farm Insurance Company, homeowner's insurer for the Bennetts; the St. Tammany Parish School Board and its liability insurer, National Union Fire Insurance Company; the City of Covington, and its liability insurer, National Fire and Marine Insurance Company; and the liability insurers of the St. Tammany Parish Sheriff, North River Insurance Companies and International Surplus Lines, Inc.
Prior to trial, the City of Covington and its liability insurer were voluntarily dismissed from the suit. A jury trial was conducted for all parties except the St. Tammany Parish School Board, which was decided by the trial judge. The jury returned a verdict finding no liability on the part of George Patterson, Jr., George Patterson, Sr., Allstate Insurance Company, Arnold Bennett, Leroy Allen "Rocky" Bennett, and State Farm Insurance Company. The jury also found that Brett Anthony Lowe was guilty of contributory negligence, but that the insurers for the School Board and the Sheriff should be held liable for his injuries, in that their insureds had the last clear chance to avoid this accident. The jury awarded damages in the sum of $1,829.40. The trial judge rendered judgment accordingly. The trial judge found no liability on the part of the St. Tammany Parish School Board, rendering judgment in its favor and against plaintiffs dismissing that portion of their claim, despite the fact its insurer was held liable by the jury. This issue, however, is not before us on appeal.
From this judgment, plaintiffs appeal seeking an increase in the award of damages. The insurers of the St. Tammany Parish Sheriff also appealed.[3] After the *112 appeals were perfected, all defendants entered into settlements and compromises with plaintiffs with the exception of the insurers of the St. Tammany Parish Sheriff.
Plaintiffs assert several assignments of error, but because of the various settlements to date, the only issues remaining for our consideration deal with the sufficiency of the award of damages (quantum) and the liability of the insurers of the St. Tammany Parish Sheriff. The Sheriff's insurers appeal alleging the following errors:
1. The court erred in allowing the question of the defendants' liability to the plaintiffs to go to the jury;
2. Alternatively, the court erred in not ruling as a matter of law that Brett Lowe was guilty of negligence;
3. Alternatively, the court erred in not ruling as a matter of law that the other defendants were liable to plaintiffs; and
4. Only as an alternative respondents object to the exoneration of the other defendants with the caveat that the evidence clearly shows plaintiff Brett Lowe was guilty of negligence and assumption of risk and states that should the doctrine of last clear chance be applicable it should be attributable to the other defendants and not to these respondents.

The Sheriff's Liability Insurers' Assignment of Error No. 1
The basic issue presented in this assignment is whether the St. Tammany Parish Sheriff owed a duty to protect Brett Lowe from the risk and harm he suffered.
At the request of Covington High School, two deputies from the St. Tammany Parish Sheriff's Office were assigned to the dance on the night of the accident. According to the testimony of Louis Wagner, principal of Covington High School at the time of the accident, the deputies' duties were "... to take care of the regular functions thator, any infractions of any police matters which would include drinking or anything of this sort." The deputies, like the other chaperons at the dance, were expected to mingle over the entire area of the school to look for anyone breaking the law or school rules.
The jury determined that while Brett was negligent in becoming intoxicated, the deputies had the last clear chance to prevent the accident and injury. The jury found that the deputies were negligent in their duties to vigilantly guard against rule infractions, in not observing that Brett was intoxicated at the dance, in not seeing him lying in the parking lot, and in any event, in not rendering proper assistance.
The duty of a police officer is to the general public and not to individuals. Fusilier v. Russell, 345 So.2d 543 (La.App. 3rd Cir.1977), writ denied, 347 So.2d 261 (La.1977). Unless the plaintiff can prove facts which show that the defendant owed him a special duty outside of the one owed to the general public, he cannot recover. Fusilier v. Russell, supra. The distinction between an officer's duty to the general public and his duty to a specific individual was clearly set forth in Tompkins v. Kenner Police Dept., 402 So.2d 276, 280 (La. App. 4th Cir.1981), as follows:
[A] local government cannot be held liable in cases of failure to enforce a protective regulation when the injuries resulting therefrom are not readily foreseeable and a substantial time passes between the negligent actions and the injuries sustained by a plaintiff. However, in enforcement of a governmental regulation which, through closeness in proximity or time, results in a one-to-one relationship between the police officer and the injured party, the police officer ceases to act only for the public good and at that moment becomes obligated to the individual to conduct himself in such a way as not to cause him unnecessary injury.
In Tompkins v. Kenner Police Dept., supra, the officer on the scene of a motorcycle accident was asked by a victim to attend to another person who was injured in the accident. The other injured party had been thrown into a field of weeds on *113 the side of the road, hidden from sight. The officer saw no one else and failed to follow up on this request. The victim in the field died as a result. In this case, the officer was held to have owed a duty to that individual.
In Prattini v. Whorton, 326 So.2d 576 (La.App. 4th Cir.1976), an officer, who was directing traffic, signaled a bus driver to complete a turn. The maneuver resulted in an accident. The court held this to be a breach of the officer's duty to maintain due regard for safety of all who would be affected by discharge of his responsibility to direct traffic.
However, in Fusilier v. Russel, supra, officers were called to evict a patron at a nightclub. When they did so, they also noticed the defendant who was in an intoxicated state in the parking lot. They did not arrest him because he was not attempting to drive and was not causing a disturbance. Minutes later, defendant was involved in a serious automobile accident. The officers were found to have no special duty to the accident victim in that case.
The facts of the instant case clearly establish that there was not sufficient closeness in both proximity and time as to create a one-to-one relationship between the deputies and the injured party, and the deputies' failure to act properly under these facts do not render the Sheriff liable for the deputies' action or inaction. The deputies were on the premises to maintain order and to look for rule and law violations. Testimony shows they had been patrolling the parking lot and that, at an earlier point in time, had forced a student to pour out a can of beer in the parking lot. No testimony was given that the officers saw Brett in his intoxicated state or that they knew or were apprised of his condition. Additionally, there were at least four other chaperons (school employees) at the dance who also failed to observe Brett in an intoxicated condition. The trial judge found that, although these chaperons' conduct was substandard, the risk to which Brett was exposed under the circumstances of this case was beyond the protection afforded by law with respect to any duty owed by the St. Tammany Parish School Board. Likewise, we find that plaintiffs failed to establish that the Sheriff's deputies owed a special duty to Brett Lowe. Plaintiffs simply did not prove facts sufficient to establish that the deputies owed Brett a special duty (one-to-one) outside of the one owed to the general public and recovery must be denied. Accordingly, we reverse the jury verdict against the liability insurers of the St. Tammany Parish Sheriff.
Because of the above ruling, it is unnecessary to consider the remaining assignments of error by either party.
For the foregoing reasons, the judgment of the trial court in favor of John Lowe, individually and on behalf of Brett Anthony Lowe, and against North River Insurance Companies and International Surplus Lines, insurers of the St. Tammany Parish Sheriff, is reversed. All costs of this appeal are to be paid by plaintiffs.
REVERSED.
NOTES
[1] The insurers were subsequently named in amending and supplemental petitions.
[2] Subsequent to the filing of the original petition, Brett Lowe reached the age of majority and had procedural capacity to sue on his own behalf. His name appears as a plaintiff on the second supplemental and amending petition.
[3] The insurers of the St. Tammany Parish Sheriff made an oral motion for appeal.