**Joe RAMIREZ; et al., Plaintiffs—Appellants,**

v.

**GLENDALE UNION HIGH SCHOOL DISTRICT NO. 205, Defendant—Appellee.**

No. 07–16904.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2009.

Filed March 19, 2009.

---

Edward D. Fitzhugh, Esquire, Law Offices Of Edward D. Fitzhugh, Tempe, AZ, for Plaintiffs–Appellants.

J. Steven Sparks, Esquire, Sanders & Parks PC, Phoenix, AZ, for Defendant–Appellee.

Before: HAWKINS, BERZON and CLIFTON, Circuit Judges.

## MEMORANDUM *

Joe Ramirez and Ana Ramirez, on behalf of their minor child, Jose Ramirez, appeal from the district court's order granting summary judgment in favor of Glendale Union High School District No. 205 on their state law negligence claim and § 1983 state-created danger claim. We affirm.

"A public school district in Arizona is liable for negligence when it fails to exercise ordinary care under the circumstances." *Jesik v. Maricopa County Cmty. Coll. Dist.*, 125 Ariz. 543, 611 P.2d 547, 550 (1980); *see also* Ariz.Rev.Stat.

§ 15–341(17) (2000) (imposing statutory duty of adequate supervision); *Hill v. Safford Unified Sch. Dist.*, 191 Ariz. 110, 952 P.2d 754, 756 (Ariz.App.1997) (school teachers and administrators have a duty to avoid subjecting students "to a foreseeable and unreasonable risk of harm through acts, omissions, or school policy"). The only evidence presented that the District should have known Jose would be assaulted if left unattended is an avowal of a teacher aide's testimony that two of the other students "did not get along and had fought in the past," and an old school health record indicating one of the students suffered from a mental disorder and had engaged in violent behavior. *See Hill*, 952 P.2d at 760 (holding the school's response to a previous threat was not mandated by its duty of care noting "the two incidents involved different students and circumstances"). The claim thus rests on the argument that the District breached its duty of care by failing to constantly supervise the students involved in the assault in violation of its alleged internal policy.

■ Under Arizona law, customary practices "do not necessarily define the standard of care required" since they "may exact more or less than the demands of due care."[1] *Am. Smelting & Refining Co. v. Wusich*, 92 Ariz. 159, 375 P.2d 364, 367 (1962). Moreover, the Arizona Supreme Court proclaimed as "established authority that *all* movement of pupils need not be under *constant* scrutiny" suggesting a school district's policy of furnishing constant supervision exceeds what ordinary prudence demands. *Morris v. Ortiz*, 103

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. There is no evidence that the Plaintiffs had prior knowledge of the District's alleged constant supervision policy or detrimentally re-

lied on it. *Cf. Jesik*, 611 P.2d at 548, 550–51 (noting the shooting victim had repeatedly reported being threatened to the college security guard—who assured him he would be protected—in holding the district liable for negligence).

Ariz. 119, 437 P.2d 652, 653, 655 (1968) (quoting *Conway v. Bd. of Ed. of City of New York*, 171 N.Y.S.2d 533 (N.Y.Sup.Ct. 1958)). The district court properly held expert testimony was needed to prove the District's duty of care mandated constant supervision because the level of supervision required in the special education setting is not common knowledge. *See, e.g., Maricopa County v. Cowart*, 106 Ariz. 69, 471 P.2d 265, 267–68 (1970) (holding expert testimony was needed to sustain a negligence claim arising from the suicide of a juvenile in the county's detention facility reasoning the level of supervision "required of [such] juveniles" is not "a matter of ... general knowledge in the community...").

█ Broadly construing the complaint, the Plaintiffs adequately specified that the District placed Jose in danger with deliberate indifference to his due process rights. *See, e.g., Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir.1996) ("In general, a complaint is construed favorably to the pleader."); *see also Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (stating students have "a constitutional right to be free from state-imposed violations of bodily integrity"). To hold a municipal entity such as the District liable, however, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). The Plaintiffs failed to establish that any inadequate supervision was caused by the District's policy or custom. *See Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir.1996) (affirming the dismissal of a § 1983 municipal claim since the complaint did not even contain a conclusory allegation that the individual mu-

nicipal employees' actions flowed from the county's policy, custom, or practice).

**AFFIRMED.**